IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELLE C. WHITTINGHAM, et al.,
Plaintiffs,

v.   Civil Action No. 3:17-cv-720-JAG

BLUEVINE CAPITAL, INC., et al.,
Defendants.

## OPINION

This matter comes before the Court on the plaintiffs' motions for default judgment and permanent injunction against the defendant Ram Capital Funding, LLC ("Ram").[1] The plaintiffs[2] filed their complaint on October 26, 2017, and served Ram on November 6, 2017. Ram did not respond. In their complaint, the plaintiffs assert three counts: (1) declaratory judgment, (2) injunctive relief, and (3) negligence.[3] The Clerk entered default on January 3, 2018, and the plaintiffs moved for default judgment and a permanent injunction on August 15, 2018.

---

[1] The plaintiffs also named the following parties as defendants: Rapid Finance Services; Daka Capital Group, Inc.; Midnight Advance, LLC; Small Business Capital Solutions, LLC; and Blue Vine Capital, Inc. The Clerk entered an order of abatement and dismissed without prejudice Daka Capital Group, Inc. (Dk. No. 75.) The Court dismissed with prejudice Rapid Finance Services; Midnight Advance, LLC; Small Business Capital Solutions, LLC; and Blue Vine Capital, Inc. (Dk. Nos. 68, 80, 82.) Accordingly, Ram remains the sole defendant in this case.

[2] The plaintiffs include Michelle C. Whittingham; Tony Whittingham, Jr.; Diversity Residential Homes, Inc.; Diversity Training and Support Center, LLC; Diversity Administrative Services LLC; Diversity Employment Opportunities, LLC; Diversity In-Home Supports, LLC; Diversity Properties, LLC; Diversity Real Estate, LLC; Diversity Transportation, LLC; Diversity International Charities, Inc.; 8424 Hull Street Road, LLC; BPG Legacy Properties, LLC; and Garden Ridge LLC.

[3] The Court will not address the plaintiffs' negligence claim. Although the plaintiffs request $450,000 in damages in their Complaint, the plaintiffs state in their memorandum in support of their motion for default judgment and a permanent injunction that "the amount of money potentially involved . . . is non-existent," and that they "only seek a declaration that the Ram Agreement is unenforceable and injunctive relief prohibiting Defendant Ram from enforcing the Ram Agreements." (Pls.' Mem. Supp. Mot. Default J., at 9.)

# I. <u>DECLARATORY JUDGMENT</u>

The plaintiffs seek a judgment declaring that a contract that Ricketa Reed-Harrington, their former employee, fraudulently executed with Ram (the "Ram Agreement") is void. Under Rule 55(b), when a defendant defaults, he admits the well-pleaded factual allegations in the complaint. Fed. R. Civ. P. 55(b). Thus, in reviewing a motion for default judgment, courts accept plaintiffs' well-pleaded allegations regarding liability as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Courts must then determine whether the allegations support the relief sought. *Id.* Because the defendant defaulted when it failed to respond, the Court accepts the plaintiffs' well-pleaded allegations regarding their request for a declaratory judgment.

The Declaratory Judgment Act gives courts the discretion to "declare the rights and other legal relations of any interested party seeking a declaration." 28 U.S.C. § 2201(a). For a court to issue a declaratory judgment, "it must appear that there is an actual controversy between the parties." *See Tiger Fibers, LLC v. Aspen Specialty Ins. Co.*, 594 F. Supp. 2d 630, 653 (E.D. Va. 2009). "An actual controversy must be one that is justiciable, meaning a controversy in which there are specific adverse claims, based upon present rather than future or speculative facts that are ripe for judicial adjustment." *Id.*

In this case, the plaintiffs have alleged "specific adverse claims" against Ram. *Tiger Fibers*, 594 F. Supp. 2d at 653. The plaintiffs allege that the Ram Agreement is unenforceable because the parties did not mutually assent to the Ram Agreement. For an agreement to be enforceable, the parties must mutually assent to its terms. *See Cyberlock Consulting, Inc. v. Info. Experts, Inc.*, 939 F.Supp. 2d 572, 578 (E.D. Va. 2013). The plaintiffs assert that no mutual assent exists in this case because Reed-Harrington fraudulently entered into the Ram Agreement

without their knowledge. The Court accepts the plaintiffs' allegations as true. *See Ryan*, 253 F.3d at 780. Accordingly, the Court will declare the Ram Agreement void and unenforceable.

## II. PERMANENT INJUNCTION

The plaintiffs seek a permanent injunction prohibiting the defendant from enforcing the Ram Agreement. *See Toolchex, Inc. v. Trainor*, No. 3:08-cv-236, 2009 WL 2244486, at *2 (E.D. Va. July 24, 2009). Plaintiffs seeking a permanent injunction must establish (1) the remedies available at law, such as monetary damages, are inadequate compensation for the injury suffered; (2) the movant suffered irreparable harm; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

The plaintiffs have established the requirements for a permanent injunction. First, monetary damages are inadequate compensation because Ram could try to enforce the Ram Agreement at any time. Second, the plaintiffs would suffer irreparable harm in the absence of an injunction because enforcement of the Ram Agreement would damage the plaintiffs' "financial stability, reputation and creditworthiness." (Compl. ¶ 86.)

With respect to the third factor, courts must weigh the effects on each party of granting or withholding the requested relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). This entails balancing the harm the movant established under the second factor, with any harm the non-movant would suffer if the court granted the injunction. *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997). The harm to the plaintiffs outweighs any harm to Ram. The plaintiffs never authorized Reed-Harrington to execute the Ram Agreement and had no knowledge of the agreement. Moreover, Ram executed the Ram Agreement with Reed-Harrington without verifying her identity. Finally, an injunction serves the public interest because it deters lenders

3

from collecting on fraudulently executed contracts. The Court, therefore, will grant the plaintiffs' motion for a permanent injunction.

## III. ATTORNEYS' FEES AND COSTS

In the plaintiffs' motion for default judgment, they ask the Court to award "reasonable attorneys' fees and costs." (Mot. Default J., at 3.) The plaintiffs, however, do not state the amount of attorneys' fees or provide any documentation to support their request.

Federal Rule of Civil Procedure 54 requires that "request[s] for attorney's fees [] be made by motion." Fed. R. Civ. P. 54(d)(2)(A). Movants must also "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(iii). Here, the plaintiffs "failed to make a proper plea for attorney's fees." *See Havemann v. Colvin*, 537 F. App'x 142, 149 (4th Cir. 2013). The plaintiffs state that they seek reasonable attorneys' fees and costs, but do not state the amount they seek or provide a fair estimate of it. Because the plaintiffs "failed to make a proper plea for attorney's fees" under Rule 54, the Court declines to award attorney's fees and costs. *Id.*

## IV. CONCLUSION

For the reasons stated in this Opinion, the Court will grant the plaintiffs' motion for default judgment and permanent injunction, but will decline to award attorneys' fees and costs. The Court will also enjoin Ram from enforcing the Ram Agreement.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 17 Dec. 2018
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge