UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARSHA HEATH, SCOTT ROGERS,
ROBERT KEMERY and SEAN LAWRENCE,
*on behalf of themselves and all others similarly situated,*

              Plaintiffs,

v.

TRANS UNION, LLC,

              Defendant.

Civil Action No. 3:18-cv-00720-JAG

## ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

The Court, having reviewed the Preliminary Approval Motion[1] and the Agreement entered into by the Parties, HEREBY ORDERS, ADJUDGES, AND DECREES:

1.    For purposes of the Settlement only, and conditioned upon the Settlement receiving Final Approval following the Final Fairness Hearing, this Court hereby conditionally certifies the Settlement Class for settlement purposes only, defined as follows:

> The individuals identified by Trans Union, on or about July 2, 2019, as having inquiries on their file dated after October 12, 2016, with addresses in Alabama, Arizona, Arkansas, California, Connecticut, Florida, Georgia, Idaho, Illinois, Kansas, Maryland, Minnesota, New York, Oregon, Rhode Island, South Dakota, Virginia, and West Virginia at the time of the inquiries, that may have returned tradeline detail about a collection account where the furnisher identified the loan as originally issued by "CashCall" or "Western Sky."

2.    For purposes of the Settlement only, the Court preliminarily finds that the proposed Settlement Class satisfies the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b)(3), and the Court, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure,

---

[1] Unless otherwise defined herein, all capitalized terms in this order have the same meaning as in the Agreement.

conditionally certifies the Settlement Class. The Court finds, for purposes of the Settlement only, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Litigation.

3. In connection with this conditional class certification, and for purposes of Settlement only, the Court preliminarily finds that the Agreement entered into between the Class Representatives and Defendant Trans Union LLC appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. Accordingly, the Settlement is preliminarily approved, pending a Final Approval Hearing as provided for herein.

4. The Court appoints the named plaintiffs, Marsha Heath, Scott Rogers, Robert Kemery, and Sean Lawrence, as Class Representatives and the law firms of Kelly Guzzo, PLC and Gupta Wessler, PLLC as Class Counsel.

5. The Court appoints American Legal Claim Services, LLC as Settlement Administrator.

6. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on December 3, 2019, in the United States District Court, 701 East Broad Street Richmond, VA

23219 at 10:00 a.m., to determine whether to:

    a.    Finally approve the proposed Settlement as fair, reasonable and adequate;

    b.    Finally determine that the Settlement Notice as given was appropriate under Fed. R. Civ. P. 23(c)(2)(A) and under the circumstances, and is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

    c.    Finally certify the Settlement Class;

    d.    Confirm that Class Representatives and the Settlement Class have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties;

    e.    Enter a Final Judgment dismissing the Released Claims of the Settlement Class and Class Representatives with prejudice;

    f.    Allow the request for a Service Award to the Class Representatives; and

    g.    Rule upon other such matters as the Court may deem appropriate.

7.    Within ten (10) business days of the entry of this Preliminary Approval Order, Defendants shall transfer the sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to the Settlement Administrator.

8.    Upon entry of this Preliminary Approval Order, the Settlement Administrator shall create the Settlement Fund and proceed with the Settlement Notice Plan.

9.    The Court finds that the Settlement Notice Plan set forth in the Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and the due process guarantees of the U.S. Constitution, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. A Settlement Class Member may object to the Settlement.

    a. To exercise this objection right, the Settlement Class Member must provide a Notice of Objection via First Class United State Mail to the Clerk of Court, Class Counsel, and Defendant's Counsel. The Notice of Objection must be postmarked no later than the Objection Deadline.

    b. For an objection to be considered by the Court, such objection shall be personally signed and must identify or include:

        i. The caption of the Litigation;

        ii. The full name, address and telephone number of the Settlement Class Member objecting to the Settlement;

        iii. A detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Settlement Class Member wishes to be considered in support of the objection;

        iv. The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Petition;

        v. Any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

        vi. The identity of all counsel representing the objector who will appear at the Final Approval Hearing; and,

        vii. All relief sought.

11. Any objector wishing to be heard at the Final Approval Hearing must, no later than ten (10) business days before that hearing, file a notice of intent to appear with the Court Clerk's office, and must provide both Class Counsel and Defendant's Counsel with copies of the notice of intent to appear.

12. Any Settlement Class Member who fails to timely comply with Paragraphs 10 and 11 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his or her objections, and will be forever barred from making any objections in the Litigation or any other related action or proceeding

13. The right to object must be exercised individually by an individual Settlement Class Member, not as a member of a group and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

14. Settlement Class Members may also elect to Opt-Out, i.e., exclude themselves, from the Settlement Class by following the Opt-Out procedures set forth in the Agreement for doing so. In the event a Settlement Class Member wishes to be excluded from the Settlement Class and not to be bound by the Settlement and Agreement, that person must, prior to the Opt-Out Deadline, advise the Settlement Administrator in writing of that intent by submitting a written Opt-Out Request. In the Opt-Out Request, the Settlement Class Member must state his or her full name, address, and telephone number. Further, the Settlement Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement Class. The Opt-Out Request must also be signed by the Settlement Class Member.

15. Any Opt-Out Request must be postmarked on or before the Opt-Out Deadline.

The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an Opt-Out Request has been timely submitted. The Court retains jurisdiction to resolve any disputed Opt-Out Requests.

16. A Settlement Class Member who opts out of the Settlement Class may opt back in so long as the opt-in request is received prior to the Opt-Out Deadline.

17. No one shall be permitted to submit an Opt-Out Request or otherwise exercise any exclusion or Opt-Out rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may make an Opt-Out Request on behalf of other persons within the Settlement Class as a group, class, or in the aggregate.

18. Any individual who submits a valid and timely Opt-Out Request will not be a Settlement Class Member, shall not be bound by the terms of the Settlement, and shall relinquish their rights to benefits with respect to the Settlement, should it be finally approved, and may not file an objection to the Settlement or to any application for reimbursement of attorneys' fees and costs or Service Awards or otherwise intervene in the Litigation.

19. Any Settlement Class Member who does not submit a valid and timely Opt-Out Request shall be bound by all the terms and provisions of the Settlement and Agreement, including the release of Released Claims set forth therein, the Final Approval Order, and the Final Judgment, whether or not such Settlement Class Member objected to the Settlement.

20. All briefs, memoranda, petitions and affidavits to be filed in support of Final Approval of the Settlement, for a Service Award to the Class Representative and relating to the Fee Petition shall be filed with the Court not later than ten (10) days before the Final Approval

Hearing.

21. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction, up to and until the Effective Date, over the Settlement proceedings relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

22. Any deadlines set in this Preliminary Approval Order may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

23. The Parties are hereby authorized to make, without further approval of the Court, minor changes to the form or content of the Class Notice, Claim Form, and Final Approval Order that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement.

24. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection with the Settlement and the Agreement shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed.

Dated: 6 August 2019

BY THE COURT:

/s/ _____
John A. Gibney, Jr.
United States District Judge

7