UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---

MARSHA HEATH, SCOTT ROGERS,
ROBERT KEMERY and SEAN LAWRENCE,
*on behalf of themselves and all others similarly situated,*

                Plaintiffs,

v.

TRANS UNION, LLC,

                Defendant.

Civil Action No. 3:18-cv-00720-JAG

---

## FINAL APPROVAL ORDER

This matter, having come before the Court on the Class Representatives' motion for Final Approval of the proposed class action Settlement with Defendant Trans Union LLC; the Court having considered all papers filed and arguments made with respect to the Settlement, and having entered a Preliminary Approval Order on August 6, 2019 (ECF 58); and the Court, being fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:[1]

    1.    For purposes of this Settlement only, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(3).

    2.    Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Settlement Class, with the exception of the person(s) identified in

---

[1] Unless otherwise defined herein, all capitalized terms in this order have the same meaning as in the Agreement, which was made Exhibit 1 (ECF 56-1) to the Preliminary Approval Motion (ECF 55) filed herein.

Paragraph 10 below who have submitted valid Opt-Out Requests and are excluded from the Settlement, defined as:

> The individuals identified by Trans Union, on or about July 2, 2019, as having inquiries on their file dated after October 12, 2016, with addresses in Alabama, Arizona, Arkansas, California, Connecticut, Florida, Georgia, Idaho, Illinois, Kansas, Maryland, Minnesota, New York, Oregon, Rhode Island, South Dakota, Virginia, and West Virginia at the time of the inquiries, that may have returned tradeline detail about a collection account where the furnisher identified the loan as originally issued by "CashCall" or "Western Sky."

3. Relative to the Settlement Class, the Court specifically finds:

   a. The Settlement Class Members are so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claims of the Class Representatives are typical of the claims of the Settlement Class that the Class Representatives seek to represent;

   d. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

   e. The questions of law or fact common to members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

   f. Certification of the Settlement Class is superior to other available methods for fair and efficient adjudication of the controversy.

4. The Court appoints the named plaintiffs, Marsha Heath, Scott Rogers, Robert Kemery, and Sean Lawrence, as Class Representatives and the law firms of Kelly Guzzo, PLC and Gupta Wessler, PLLC as Class Counsel.

5. The Settlement Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Settlement Notice Plan approved

by the Preliminary Approval Order. The Administrator asserts that this notice is presumed to have reached approximately 97% of the Settlement Class Members. That Settlement Notice Plan, which provided the Settlement Notice by mail in an adequate and sufficient manner, as well as through the Settlement Website, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and the due process guarantees of the U.S. Constitution.

6. Notification of this Settlement to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715(a)-(d) ("CAFA") was timely provided. The Court has reviewed such CAFA Notice and finds that the notice complies fully with the applicable requirements of CAFA. There were no objections or comments from the government officials to whom CAFA notice was sent.

7. The Settlement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties, including a mediation with U.S. Magistrate Judge Roderick Young, and is supported by the Class Representatives.

8. The Settlement is fair, reasonable and adequate to members of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, in obtaining class certification, and in maintaining the Litigation through trial and appeal.

9. The relief provided under the Settlement constitutes fair value given in exchange for the releases of the Released Claims against the Released Parties.

10. There have been no opt-outs submitted by any member of the Settlement Class. There also have been no objections filed with the Court or the Settlement Administrator.

11. The Settlement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class Members.

12. The Parties are directed to consummate the Agreement in accordance with its terms.

13. This action is hereby dismissed on the merits with prejudice, and without an award of costs or fees to any party, except as otherwise provided in this Final Approval Order (and with any award of such costs or fees to be paid out of the Net Settlement Fund only).

14. Pursuant to the releases contained in the Agreement, the claims of the Class Representatives and the Settlement Class Members are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Approval Order. The Class Representatives, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.

15. Upon consideration of the application for a Service Award, Class Representatives Marsha Heath, Scott Rogers, Robert Kemery, and Sean Lawrence, are each awarded the sum of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00) in consideration of the valuable service each has performed for and on behalf of the Settlement Class. No Class Members have objected to the request, and Defendant does not oppose it.

16. Upon consideration of Class Counsel's Fee Petition, the Court finds that an award of fees and costs in the amount of $165,000.00 are appropriate in light of the work

performed in this Litigation. No Settlement Class Members have objected to the request, and Defendant does not oppose it.

17. All Settlement Class Members shall be bound by all of the terms, conditions and obligations of the Agreement, and all determinations and judgments in the Litigation concerning the Settlement.

18. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Litigation or of any liability, fault or wrongdoing of any kind.

19. As part of the Settlement, and pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, the Court hereby orders that Trans Union shall make its best efforts to suppress the reporting of collection accounts that it has identified as present on its database as of June 10, 2019, where the furnisher identified the loan as originally issued by "CashCall" or "Western Sky."

20. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

21. The Court hereby retains jurisdiction over the Parties and the Settlement Class to ensure the effective administration of the Settlement and enforce the Injunctive Relief.

22. Final Judgment is hereby entered in this action, consistent with the terms of the Agreement.

IT IS SO ORDERED.

Dated: 3 December 2019

/s/
John A. Gibney, Jr.
United States District Judge